UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JORDAN DAVID KNIPPLING,<br><br>               Plaintiff,<br><br>   vs.<br><br>SGT. MAGNUSON, BENTON COUNTY JAIL and CITY OF KENNEWICK<br><br>               Defendant. | NO.  CV-08-402-CI<br><br>REPORT AND RECOMMENDATION TO DISMISS COMPLAINT IN PART |

    Plaintiff, a prisoner at the Spokane County jail, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. By separate Order the court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff seeks monetary damages for alleged mental anguish and stress, as well as emotional distress, stemming from a false arrest and imprisonment. He also seeks injunctive relief against Defendant Magnuson, who allegedly made the false report that resulted in Plaintiff's arrest..

**PRISON LITIGATION REFORM ACT**

    Under the Prison Litigation Reform Act of 1995, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT IN PART -- 1

portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 540 U.S. ___, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim to relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id,* at 1974. The court must construe the pleading in the light most favorable to Plaintiff, and resolve all doubts in Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT IN PART -- 2

On the basis of these standards, some of Plaintiff's present allegations appear to fail to state a claim upon which relief can be granted.

## SECTION 1983

Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that "causes" the deprivation of which [the plaintiff complains]." *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991)(brackets in the original), *cert. denied*, 502 U.S. 1074 (1992); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*. at 268. To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must present a causal

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT IN PART -- 3

connection between named defendants and the conduct of which he complains. *See Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992).

Plaintiff has named the Benton County Jail and City of Kennewick as Defendants to this action. He claims Defendant Magnuson "used" them to effect his false arrest and imprisonment. These allegations are insufficient to state a claim for relief against either entity.

A municipality or governmental entity cannot be found liable under section 1983 on a *respondeat superior* theory; such liability can be imposed only for injuries inflicted pursuant to an official governmental policy or custom. *Gobel v. Maricopa County*, 867 F.2d 1201, 1206 (9th Cir. 1989), (*citing Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690-94 (1978)). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. While a single decision may satisfy the "policy" requirement, that decision must have been properly made by one of the municipality's authorized decisionmakers - by an official who "possesses final authority to establish municipal policy with respect to the [challenged] action." *Pembaur v.* Cincinnati, 457 U.S. 469, 479-81 (1986).

For Plaintiff to state a valid claim against Benton County Jail or the City of Kennewick under section 1983, he must show either (1) that the County Jail or City engaged in a pattern of failing to properly train its employees and that the failure resulted in a

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT IN PART -- 4

violation of Plaintiff's constitutional rights, or (2) that a single decision was made by an authorized policy maker, as defined by the Supreme Court in *Pembaur*, and that the decision resulted in a violation of Plaintiff's constitutional rights. *See Gobel,* 867 F.2d at 1206-1209.  Plaintiff's complaint fails to adequately allege either the Benton County Jail or the City of Kennewick engaged in a pattern or practice that resulted in the deprivation of his constitutional rights.  Therefore, **IT IS RECOMMENDED** Plaintiff's claims against Benton County Jail and City of Kennewick are **DISMISSED without prejudice**.

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof.  Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor.  Any response to the objection shall be filed within ten (10) days after receipt of the objection.  Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination.  The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon.  The judge may, but is not required to, accept or consider additional evidence, or may

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT IN PART -- 5

recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed. The court will reserve ruling that Plaintiff's remaining claims be served until after the objection period has expired.

The District Court Executive is directed to enter this Report and Recommendation and forward a copy to Plaintiff.

DATED January 29, 2009.

                     S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT IN PART -- 6